UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN C. CONYERS

v.                                    CASE NO. 8:16-cv-2766-T-23AEP

UNITED STATES OF AMERICA
_____/


**ORDER**

Conyers submits a "Petition Seeking the Issuing of Writ of *Scire Facias*, Habeas

Corpus" (Doc. 1).  Citing Section 14 of the "Judiciary Act of 1789, " Conyers

represents that Section 14 "declares 'the Supreme Court, as well as judges of the

Appellate and District Courts, shall have power to grant writs of habeas corpus for

the purposes of an inquiry into the cause of commitment of a prisoner in custody

under or by color of the authority of the United States.'"  (Doc. 1 at 1)  Conyers's

reliance on the Judiciary Act of 1789 is misplaced.

Conyers argues that, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his

sentence under the Armed Career Criminal Act is unlawful.  The proper remedy for

challenging a federal sentence is under 28 U.S.C. § 2255.  Conyers unsuccessfully

challenged his sentence under Section 2255 in 8:12-cv-1623-T-26MAP.  Conyers

knows that he must obtain authorization from the circuit court to file a second or

successive Section 2255 motion because in both 2014 and 2016 the circuit court

declined to authorize a second or successive motion.  (Docs. 13 and 16 in 12-cv-1623)

Apparently intending to circumvent the need to obtain authorization from the circuit court, Conyers entitles his paper a "Petition Seeking the Issuing of Writ of *Scire Facias*, Habeas Corpus" and asserts a jurisdictional basis under the Judiciary Act of 1789.

Because his challenge to the lawfulness of his sentence is reviewable under Section 2255, Conyers cannot pursue a common law remedy to obtain an additional review. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (rejecting the use of a common law post-conviction remedy under the All Writs Act, 28 U.S.C. § 1651, if post-conviction relief is available under Section 2255, even though relief is restricted by the requirement to obtain authorization to file a second or successive Section 2255); *United States v. Davis*, 352 Fed. App'x 314, 316 (11th Cir. 2009)[*] ("The holding in *Holt* applies here.  Appellant attacks his sentence collaterally, has already filed a § 2255 motion, which was denied on the merits, and therefore must seek permission to file a successive § 2255 motion.  The writ of *audita querela* does not apply because other post-conviction relief is available.  Because he previously failed to obtain permission to file a successive petition from this court, the district court's denial was correct.").

Conyers asserts entitlement to the retroactive application of *Mathis*.  Conyers knows that under Section 2255(h)(2) entitlement to the retroactive application of a

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. Rule 36-2.

Supreme Court decision is a basis for obtaining authorization from the circuit court to file a second or successive motion.  Both of his earlier attempts to obtain authorization were based on a new Supreme Court decision.  Conyers cannot circumvent Section 2255(h)(2) by using a common law remedy to gain a second challenge to his sentence.  *United States v. Arevalo*, 368 Fed. App'x 957, 958 (11th Cir. 2010) ("It is clear that "a writ of *audita querela* may not be granted when relief is cognizable under § 2255."  It is also clear that the claim Arevalo makes in his *audita querela* motion — that his conviction should be collaterally overturned because the Supreme Court's recent decision in *United States v. Santos*, 553 U.S. 507, 128 S. Ct. 2020, 170 L. Ed. 2d 912 (2008), applies retroactively — is cognizable under § 2255.") (quoting *Holt*, 417 F.3d at 1175)).

The title of a paper is not controlling and a district court must "look behind the label."  *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.").  Notwithstanding the colorful title he created for his "petition," as *Morales v. Fla. Dep't Corr.*, 346 Fed. App'x 539, 540 (11th Cir. 2009), *cert. denied*, 562 U.S. 866 (2010), explains, a court cannot create a remedy when "the issue at hand" is specifically "covered by statute."

> The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "[t]he All Writs Acts is a residual source of authority to issue writs that are not otherwise covered by

> statute. Where a statute specifically addresses the particular
> issue at hand, it is that authority, and not the All Writs Act,
> that is controlling." *Pennsylvania Bureau of Corr. v. U.S. Marshals
> Serv.*, 474 U.S. 34, 43, 106 S. Ct. 355, 361, 88 L. Ed. 2d 189
> (1985).  Although the Act "empowers federal courts to fashion
> extraordinary remedies when the need arises, it does not
> authorize them to issue *ad hoc* writs whenever compliance with
> statutory procedures appears inconvenient or less appropriate."
> *Id.*

Generally, the exclusive remedy for challenging either a federal conviction or a federal sentence is Section 2255, including the restrictions on the filing of a second or successive motion to vacate.

Accordingly, Conyers's "Petition Seeking the Issuing of Writ of *Scire Facias*, Habeas Corpus" (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Conyers and close this case.

ORDERED in Tampa, Florida, on July 20, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE